IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DERRICK MEARDAY**                                                                                     **PETITIONER**

v.                                                             CIVIL ACTION NO. 3:15cv11-WHB-JCG

**DAN SMITH**                                                                                           **RESPONDENT**

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the Application of Derrick Mearday ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254.  On April 15, 2015, Dan Smith ["Respondent"] filed a Motion to Dismiss [10] the instant Petition based upon Petitioner's failure to exhaust available state court remedies.  Having considered the Petition, Respondent's Motion to Dismiss, Petitioner's Response [15], and relevant legal authority, the undersigned United States Magistrate Judge recommends that Respondent's Motion to Dismiss be granted and the instant habeas Petition dismissed without prejudice.

PROCEDURAL HISTORY

Petitioner challenges his 2014 conviction for burglary of a dwelling and resultant sentence of fifteen years imprisonment.  Petitioner pleaded guilty to violating Miss. Code Ann. § 97-3-19, and by statute, there is no direct appeal from a guilty plea.  Miss. Code Ann. § 99-35-101.  In response to Respondent's Motion to Dismiss, Petitioner admits that he did not seek post-conviction relief in state court prior to filing his federal habeas Petition.  According to Petitioner, he does not have legal assistance and did not know that he was supposed to exhaust his

claims in state court prior to requesting federal habeas relief.

## LAW AND ANALYSIS

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). In order to properly exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id.* The procedure for exhausting state court remedies is provided in the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, *et seq*.

Because Petitioner concedes that he has not pursued his grounds for relief in state court and his explanation for failing to exhaust does not constitute good cause, the instant Petition for habeas relief should be dismissed without prejudice, rather than stayed and held in abeyance. *Rhines v. Weber,* 544 U.S. 269 (2005).

The dismissal should be without prejudice because Petitioner is within the three-year period of time to file under the Mississippi Post-Conviction Collateral Relief Act. In the case of a guilty plea, the Mississippi Post-Conviction Collateral Relief Act allows three years after the entry of the judgment of conviction to file a motion under the Act. Miss. Code Ann. § 99-39-5(2).

## RECOMMENDATIONS

Because Petitioner has failed to exhaust his available state remedies, Respondent's Motion to Dismiss [10] should be granted and the instant habeas Petition [1] dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); see 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be

-3-

barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 18th day of December, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE