```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION
```

**DERRICK MEARDAY**                                          **PETITIONER**

**VS.**                              **CIVIL ACTION NO. 3:15-cv-11-WHB-JCG**

**DAN SMITH**                                                 **RESPONDENT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo. After considering the R and R[1] and the other pleadings in this case[2], the Court finds it should be adopted in its entirety.

**I.  Discussion**

In 2014, Derrick Mearday ("Mearday") pleaded guilty to burglary of a dwelling under Mississippi State law, and was sentenced to a fifteen-year term of imprisonment. Mearday did not directly appeal either his conviction or sentence, and was statutorily barred from so doing. See MISS. CODE ANN. § 99-35-101 (providing: "[W]here the defendant enters a plea of guilty and is

---

[1] The parties were required to file objections to the R and R on or before January 4, 2016. No objections have been filed, and the time for so doing has now expired.

[2] As Petitioner is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed. <u>See</u> <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).

sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed."). Additionally, Mearday did not seek any post-conviction relief in the state courts of Mississippi.

On or about January 6, 2015, Mearday filed the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("2254 Petition"), which is presently before the Court. In response, Respondent Dan Smith filed a motion seeking its dismissal on the grounds that Mearday had not sought any post-conviction relief in the state courts and, therefore, had failed to exhaust his administrative remedies, as required by 28 U.S.C. § 2254(b), before seeking federal habeas relief. See Mot. to Dismiss [Docket No. 10], 2-3. On review, United States Magistrate Judge John C. Gargiulo entered a R and R, recommending that the 2254 Petition be dismissed, without prejudice, based on Mearday's failure to exhaust his available state remedies. See R and R [Docket No. 16].

After reviewing the R and R, Mearday's 2254 Petition, and the other pleadings in this case, the Court agrees that Mearday failed to exhaust his administrative remedies as required by 28 U.S.C. § 2254(b), and that his Petition should be dismissed for that reason. Accordingly, the Court will adopt Judge Gargiulo's R and R recommending the dismissal of this case.

The Court additionally finds that Mearday's 2254 is subject to dismissal based on his failure to advise the Court of his current address. As to this issue, the Docket shows Mearday was housed in

Raymond, Mississippi, at the time the 2254 Petition was filed. After Respondent filed his Motion to Dismiss, Judge Gargiulo entered an Order directing Mearday to show cause as to the reasons he had not responded to the Motion. See [Docket No. 11]. The Show Cause Order was mailed to Mearday at the Raymond, Mississippi, address, and was later returned "undeliverable". See [Docket No. 12]. Upon discovering that Mearday had been transferred, Judge Gargiulo entered a second Show Cause Order that was sent to Mearday at the Simpson County Community Work Center in Magee, Mississippi. See [Docket No. 13]. By this Order, Mearday was reminded that he had been twice warned that his failure to keep the Court advised of his current address could result in the dismissal of his case. Id.

Following receipt of Mearday's Response to the Motion to Dismiss, Judge Gargiulo entered his R and R, which was mailed to Mearday at his Magee, Mississippi, address. See [Docket No. 16]. The R and R was returned to the Court undelivered, with the notation "Not Here" on the envelope. See [Docket No. 17]. Based on Mearday's repeated failure to apprise the Court of his address changes and current whereabouts, despite the repeated warnings from the Court regarding the consequences of that inaction, the Court finds Mearday's 2254 Petition is subject to dismissal for the additional reason that he has failed to comply with the Orders of this Court.

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the December 18, 2015, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 16], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Respondent to Dismiss [Docket No. 10] is hereby granted. A Final Judgment dismissing this case without prejudice shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue. Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 14th day of January, 2016.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
